DA 13-0754

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 126

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

BRUCE WAYNE McEVOY,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Twentieth Judicial District,
                      In and For the County of Lake, Cause No. DC 87-91
                      Honorable Deborah Kim Christopher, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Jack E. Sands, Attorney at Law, Billings, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant
                Attorney General, Helena, Montana

                Mitchell A. Young, Lake County Attorney, Polson, Montana


                                Submitted on Briefs:  April 23, 2014
                                       Decided:  May 13, 2014


Filed:


                             _____
                                      Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Bruce Wayne McEvoy appeals from the Amended Judgment of the Twentieth Judicial District Court, Lake County, sentencing him to a term of 90 years in the Montana State Prison with 30 years suspended.

¶2 The issue presented for review is whether the District Court erred when it resentenced McEvoy during a status conference docketed under a newly-created civil cause number, when neither McEvoy nor his attorney were present.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 McEvoy was convicted of misdemeanor assault and felony sexual intercourse without consent in 1988. He was also designated a persistent felony offender (PFO). For misdemeanor assault, McEvoy was sentenced to six months in the county jail. For felony sexual intercourse without consent, he was sentenced to 40 years at the Montana State Prison. This sentence was followed by a consecutive 50 years at the Montana State Prison, with 30 suspended, for the PFO offense.

¶4 On July 5, 2013, McEvoy filed a petition for writ of habeas corpus in this Court. He claimed he was wrongly sentenced for both the underlying felony and his PFO status. Citing *State v. Gunderson*, 2010 MT 166, ¶ 54, 357 Mont. 142, 237 P.3d 74, we concluded his sentence was facially illegal because a PFO sentence is intended to replace the sentence for the underlying felony. We granted the petition and remanded for correction of the illegal sentence. *McEvoy v. Kirkegard*, 372 Mont. 549 (table), 2013 Mont. LEXIS 364.

¶5 On remand, the District Court filed our Order under a new civil cause number, DV-13-225, which was assigned to Judge Deborah Kim Christopher. McEvoy had originally

2

been sentenced under criminal cause number DC-87-91, assigned to Judge C.B. McNeil. Judge McNeil retired on September 5, 2013. Before doing so, he signed an order stating that Judge Christopher "shall have jurisdiction over all matters assigned to Department 1 requiring judicial action . . . ."

¶6     On September 10, 2013, Judge Christopher entered nearly identical orders in both the civil and criminal cases, scheduling a status conference for September 19, 2013. The stated purpose of this conference was for the parties to "set forth the procedure they believe necessary for preparation, appropriate investigation, and filings to be provided to the Court Hearing on Resentencing . . . ."

¶7     Under the criminal cause number, McEvoy moved for a substitution of judge. Judge Christopher issued an order stating as follows:

> Given the undersigned is not the judge in original jurisdiction and having only authority to act pursuant to Department 1 District Judge's administrative order attached hereto and which is objected to by the Defendant, this matter is stayed until the new District Judge for Department 1 is selected and assumes jurisdiction.

This order was entered only in the criminal case.

¶8     On September 19, 2013, the status conference was held under the civil cause number. Judge Christopher described the case as "a civil matter." Neither McEvoy nor his attorney, Jack Sands, were present for the status conference. Noting their absence, Judge Christopher said, "The most that the Court is aware of is that there was, as I recall, some motion to substitute me off of the case that's in Department 1, which he can't do because I'm not the Court in general jurisdiction, and no substitution has been filed in this matter." Judge Christopher then asked the County Attorney his position in the matter. The County Attorney

3

expressed some reluctance with moving forward "because the Supreme Court has ordered us to hold the hearing . . . ." When Judge Christopher persisted, he said,

> The judge's intention was clear, and that was to impose a sentence of 80 years with I believe 30 suspended. . . . [T]he State's position is that the action the Court should take on this is to sentence the defendant to 80 years with 30 suspended under the persistent felony offender statute.

Judge Christopher responded, "Prepare it and I'll sign it."

¶9 Following the status conference, a minute entry was placed in the civil case file. On September 26, 2013, after receiving notice of the minute entry, Sands filed a motion to reconsider in the criminal case. He claimed neither he nor McEvoy had attended the status conference because they believed "all matters had been stayed." Sands noted he had never appeared in the civil case. The case register supports this claim.

¶10 The District Court did not rule on the motion to reconsider. On October 11, 2013, the District Court issued the Amended Judgment under the criminal cause number, sentencing McEvoy to the Montana State Prison for a term of 90 years, with 30 suspended. This appeal followed.

## STANDARD OF REVIEW

¶11 This Court reviews a criminal sentence for legality only. *State v. Legg*, 2004 MT 26, ¶ 24, 319 Mont. 362, 84 P.3d 648. Whether the district court adhered to the requirements of the applicable sentencing statutes is a question of law, which we review de novo. *State v. Rosling*, 2008 MT 62, ¶ 59, 342 Mont. 1, 180 P.3d 1102.

## DISCUSSION

4

¶12     A petition for writ of habeas corpus is an original legal proceeding, independent of the underlying case. *Lott v. State*, 2006 MT 279, ¶ 9, 334 Mont. 270, 150 P.3d 337 (quoting *August v. Burns*, 79 Mont. 198, 213, 255 P. 737, 741 (1927)). A court granting a petition for writ of habeas corpus must enter an order "with respect to the judgment or sentence *in the former proceeding* and any supplementary orders as to reassignment, retrial, custody, bail, or discharge as may be necessary and proper." Section 46-22-306(1), MCA (emphasis added). Thus, although the habeas proceeding itself is independent, the resulting order is directed to the underlying case. The source of the District Court's error here was the creation of a separate civil case for the Order issued by this Court after granting McEvoy's petition for writ of habeas corpus.

¶13     As a result of that error, the District Court persisted in the fiction that a proceeding during which it imposed a criminal sentence of 90 years in prison was merely a civil status hearing. The order of the District Court stating that "this matter is stayed," issued in the criminal case, quite reasonably led Sands to believe that the matter had been stayed. It appears Sands was unaware that the District Court was inexplicably pursuing the identical matter under a civil cause number. It is, furthermore, unclear what the District Court envisioned when it ordered a stay in one case but not the other, given that the two cases addressed precisely the same issue.

¶14     The outcome of this bizarre procedural arrangement is that McEvoy was sentenced with a complete lack of statutory or constitutional process. A defendant is entitled to a sentencing hearing and must be afforded the opportunity to be heard. Section 46-18-115, MCA; *State v. Webb*, 2005 MT 5, ¶ 20, 325 Mont. 317, 106 P.3d 521. McEvoy was

sentenced to 90 years in prison without being afforded such an opportunity. He was not given notice of what turned out to be the sentencing hearing for two reasons: first, because it was noticed as a mere status conference; and second, because he was told it had been stayed.[1] In its brief, the State claims, "McEvoy got the remedy that he asked for and that he was entitled to. It is impossible to tell from his appeal what else he could possibly expect from reopening this settled case." We disagree. It is very easy to tell that McEvoy expects nothing more or less than a fair hearing.

## CONCLUSION

¶15    For the reasons stated above, we remand with instructions to the District Court to hold a sentencing hearing that complies with the requirements of § 46-18-115, MCA. Moreover, the sentencing hearing should be conducted in cause number DC-87-91. The civil proceeding, cause number DV-13-225, should be dismissed.

¶16    Reversed and remanded.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE

---

[1] Though the least of the defects present in this case, we note that the written judgment, which imposed a sentence of 90 years, conflicts with the sentence of 80 years pronounced at the status conference. Section 46-15-116, MCA. The District Court also failed to state the reasons for the sentence "in open court on the record" as well as in the written judgment. Section 46-18-115(6), MCA.

6